IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BRANDY STEWART, et al.,

            Plaintiffs,

v.                                       CIVIL ACTION NO.   2:12-cv-06644

LOGAN COUNTY DEPARTMENT OF
HEALTH AND HUMAN SERVICES, et al.,

            Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiffs' motion for a temporary restraining order [Docket 3.]  For the reasons that follow, the Court **DENIES** the motion.

*I.    BACKGROUND*

On October 16, 2012, Plaintiffs filed their Complaint alleging various federal and state claims against Defendants, including violations of Plaintiffs' civil rights under 42 U.S.C. § 1983. Plaintiffs' allegations center on events surrounding the removal of Plaintiff Brandy Stewart's four minor children from her custody by Defendant Boone County Department of Health and Human Resources personnel, the institution of civil abuse and neglect proceedings against Ms. Stewart, the placement of Ms. Stewart's children with a foster family (a member of which is allegedly a juvenile "known sexual offender"), and Defendant Boone County Sheriff Department's criminal investigation of Plaintiff Johnny Stewart (Plaintiff Brandy Stewart's husband) for being an alleged "sex offender."     (Docket 2 at 2-11.)

Filed contemporaneously with their Complaint is Plaintiff's motion for a temporary restraining order [Docket 3.] The motion generally states that Plaintiffs are entitled to a temporary restraining order releasing Plaintiffs' children from the State's custody and returning them to Plaintiffs' custody or, alternatively, placing the children in a new foster home. (*Id.* at 3.) Plaintiffs assert that they have complied with the requirements of Federal Rules of Civil Procedure 65(b) because they have filed a "verified complaint" and the movant's attorney has certified in writing the reasons why notice to Defendants should not be required. (*Id.*)

## II. GOVERNING LAW

Federal Rule of Civil Procedure 65(b) governs temporary restraining order procedure. Rule 65(b)(1) provides:

> **(1)** *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

## III. DISCUSSION

Plaintiffs' motion is fatally deficient in several respects. Plaintiffs represent in their motion that their Complaint is verified. It is not. Nor has Plaintiffs' attorney complied with the certification requirements of Rule 65(b)(1)(B). While it is true that paragraph 8 of Plaintiff's motion states "Defendants need no further notice that this action is being filed in that each continues to collude with one another to misrepresent, attack the Plaintiffs with new investigations and create records necessary to show compliance," this cursory and cryptic allegation is not

2

certified by Plaintiffs' attorney as required by Rule 65(b)(1)(B). Additionally, Plaintiffs' motion, which is unattended by a supporting memorandum, ignores Rule 7.1(a)((2) of the Local Rule of this Court. These several deficiencies—coupled with the separate and important question of whether this Court should decline to consider important family law and criminal matters currently pending in the state courts—are fatal to Plaintiffs' motion.[1]

Accordingly, the Court **DENIES** Plaintiff's motion for a temporary restraining order [Docket 3.]

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: NOVEMBER 9, 2012

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[1] The Court infers from Plaintiff's Complaint that state court proceedings relating to Plaintiffs' various allegations are on-going, although the Complaint is not clear on this point. The question of whether abstention principles require dismissal of this case is reserved for another day.