IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BRANDY STEWART, et al.,

          Plaintiffs,

v.                                CIVIL ACTION NO.   2:12-cv-06644

LOGAN COUNTY DEPARTMENT OF
HEALTH AND HUMAN SERVICES, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending are motions to dismiss filed by four of the thirteen Defendants in this case. [ECF 12, 14, 16, 20.] Also pending are Plaintiffs' several "motions" to amend the Complaint.[1] [ECF 23–27.] Finally, also pending is Defendant West Virginia Department of Health and Human Resources' ("WVDHHR") motions to file certain juvenile records under seal [ECF 53, 54].[2]

For the reasons that follow, the Court **ABSTAINS** from this case based on the *Rooker-Feldman* doctrine. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486–87 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

---

1    Plaintiffs did not file separate motions to amend their Complaint. Rather, their "motions" to amend are tucked into Plaintiffs' various responses to the Defendants' motions to dismiss. Such practice violates the Local Rules of Civil Procedure for the Southern District of West Virginia. Further compounding their improper procedural practice, Plaintiffs attach a proposed amended complaint as an exhibit to their various responses to the motions to dismiss.

2    The Complaint incorrectly names the "Logan County Department of Health and Human Services", the "Boone County Department of Health and Human Services", and the "Wayne County Department of Health and Human Services" as individual Defendants. As noted by Defendant WVDHHR, the WVDHHR is a single state agency within the West Virginia's executive branch and is the correctly-designated Defendant in this case. (See Defendant WVHHR's Memorandum in Support of its Motion to Dismiss, ECF 21 at 5.)

I. BACKGROUND

This dispute arises from the removal of Plaintiff Brandy Stewart's minor children from her custody by Defendant WVDHHR and the subsequent placement of the children in a foster family. Plaintiffs' Complaint invokes this Court's federal question jurisdiction.[3] The following allegations are drawn from Plaintiffs' Complaint, which the Court, as it must, accepts as true.

The Complaint alleges that Plaintiff Brandy Stewart was the victim of domestic violence perpetrated by her former husband, Charles Mullins, the father of her first three children. At some point, Ms. Stewart fled the marital home taking her children with her. She then applied for homeless benefits at Defendant WVDHHR's Logan County, West Virginia office. In early June 2010, Defendant WVDHHR removed Ms. Stewart's three children from her custody and placed them in foster care. The removal of the children from Ms. Stewart's custody was allegedly precipitated by partly false reports by the staff at WVDHHR's Logan County office that Ms. Stewart's children had head lice and were shoeless, unkempt and unruly. An abuse and neglect action was filed in Boone County Circuit Court against Ms. Stewart. In the course of this proceeding, Ms. Stewart became pregnant with her fourth child. When the baby was born, Defendant WVDHHR removed the child from Ms. Stewart's custody. Like his siblings, the newborn was placed in foster care. Plaintiff Johnny Stewart is the father of this fourth child.

The Complaint alleges that the foster family caring for Ms. Stewart's four children also cares for a child who is a "known sexual offender." (ECF 2 at 7.) Additionally, the Complaint contains numerous allegations challenging procedural aspects of the Boone County Circuit Court abuse and neglect proceeding, including claims that Defendant WVDHHR falsely accused

---

3 In the section of the Complaint titled "Jurisdiction", Plaintiffs state that all the parties are West Virginians, averments that establish only that Court's diversity jurisdiction is unavailable. It is plain from other sections of the Complaint, however, that Plaintiffs assert violations of 42 U.S.C. § 1983 and federal constitutional claims.

2

Plaintiff Johnny Stewart of being a sex offender and unfit parent.

The Complaint asserts civil rights claims based on 42 U.S.C. § 1983 and federal constitutional provisions, as well as a variety of pendent state claims. Each of the nine counts allege claims against all Defendants collectively: Count I—Civil Rights (42 U.S.C. § 1983); Count II—Unlawful Government Taking; Count III—Unlawful Seizure and False Arrest; Count IV—False Imprisonment; Count V—Intentional Infliction of Emotional Distress; Count VI—Unlawful Seizure; Count VII—Malicious Prosecution; Count VIII—Negligent Training and Supervision; and Count IX—Fraud. Plaintiffs seek compensatory and punitive damages of an unspecified amount.

As noted, several Defendants filed motions to dismiss the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). The motions are now fully briefed and ripe for disposition.

## II. DISCUSSION

In their motions to dismiss, none of the Defendants raises the substantial question of whether this Court should abstain from exercising jurisdiction over this case. Accordingly, the Court raises the issue *sua sponte*. *See Am. Reliable Ins. Co. v. Stillwell,* 336 F.3d 311, 316 (4th Cir. 2003); *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 197 n.5 (4th Cir. 1997) (noting that federal courts may raise the question of abstention *sua sponte*).

The Court finds that Plaintiffs' claims for damages under 42 U.S.C. § 1983 and the U.S. Constitution (Counts I, II, and III) offend the *Rooker-Feldman* doctrine. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486–87 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). Under *Rooker-Feldman*, a district court may neither directly review a state court

decision nor entertain a claim that is "inextricably intertwined" with one such that "the district court is in essence being called upon to review the state-court decision." *Feldman*, 460 U.S. at 483–84 n.16. The *Rooker–Feldman* doctrine "preserves a fundamental tenet in our system of federalism that, with the exception of habeas cases, appellate review of state court decisions occurs first within the state appellate system and then in the United States Supreme Court." *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d at 316 (citing *Plyler v. Moore,* 129 F.3d 728, 731 (4th Cir. 1997)). Consequently, a plaintiff may not "seek a reversal of a state court judgment simply by recasting his complaint in the form of a civil rights action pursuant to 42 U.S.C. § 1983." *Fariello v. Campbell*, 860 F. Supp. 54, 65 (E.D.N.Y. 1994) (*citing Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993)).

Moreover, this is a highly sensitive case about the alleged abuse and neglect of children and the termination of parental rights. Without question, such delicate matters are first and foremost the concerns of state courts. For this reason, federal courts traditionally decline to intervene in state domestic relations cases. Over a century ago, the Supreme Court held that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *Ex parte Burrus*, 136 U.S. 586, 593–594; *see also Mansell v. Mansell*, 490 U.S. 581, 587 (1989) ("[D]omestic relations are preeminently matters of state law"); *Moore v. Sims*, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern"). Thus, divorce, alimony, and child custody decrees–and cases involving "elements of the domestic relationship"–are traditionally within the province of state courts. *Ankenbrandt v. Richards*, 504 U.S. 689, 705-706 (1992).

As represented by the parties in their filings, the Boone County Circuit Court abuse and neglect proceeding is still pending, a fact that does not preclude application of the

4

*Rooker-Feldman* doctrine in the Fourth Circuit. *See Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d at 317-18 (applying *Rooker-Feldman* even though at the time the federal lawsuit was filed, the state court had not rendered its decision on the issues challenged in the federal lawsuit; and stating "the order in which the federal action was filed and the state decision issued is a relevant, but not controlling, consideration in answering the key question of 'whether a party seeks the federal district court to review a state court decision and thus pass upon the merits of that state court decision.'").

Here, Plaintiffs directly challenge the validity of one or more of the Boone County Circuit Court's interlocutory orders. For example, Plaintiffs claim that WVDHHR "knowingly, willfully, and wantonly removed Plaintiff Brandy Stewart[']s three children from her by way of an unlawful, improper, and unwarranted civil action filed by the Boone County Prosecutor's Office. This Emergency Protective Order recklessly removed Plaintiff Brandy Stewart's three (3) children from her custody for no lawful reason." (ECF 2 at 2.) Plaintiffs make a similar attack on a subsequent Circuit Court order removing Ms. Stewart's infant son from her custody. (*Id.*) Plaintiffs further allege

> Since the beginning of the initial civil abuse and neglect action, Plaintiffs have been continually deprived of their fundamental rights as family, as well as citizens of this [S]tate and nation. Finally, without continued false allegations, misrepresentation and State sponsored thuggery facilitated by state actors in conjunction with the lack of due diligence on behalf of state agencies and private corporations, Plaintiffs' individual and fundamental rights as people, citizens, and members of a family would not continue to be decimated through the State's ongoing and malicious prosecution.

*Id.* at 2–3.[4]

These allegations invite the Court to second-guess the Boone County Circuit Court's

---

4  In their responses to the Defendants' motions to dismiss, Plaintiffs concede that their malicious prosecution claim is not ripe.

judge's sensitive and weighty decisions to remove Ms. Stewart's children from her custody and place them in foster care. *See Texaco v. Pennzoil*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring) ("Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive of the federal proceedings as, in substance, anything other than a prohibited appeal of the state court [decision]."). The Court declines Plaintiffs' invitation to commit such jurisdictional error. Additionally, the Court declines to exercise supplemental jurisdiction over Plaintiffs' pendent state law claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

### III.     CONCLUSION

For the foregoing reasons, the Court **ABSTAINS** from adjudicating the issues in this case, **DENIES** the pending motions for lack of jurisdiction [ECF 12, 14, 16, 20, 23–27, 53, and 54], **DISMISSES** Plaintiff's Complaint (ECF 2), and **DIRECTS** the Clerk to remove this case from the Court's Docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     July 22, 2013

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

6